**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVANA**

\*\*\*

CLIFFORD LEONARD,

            Plaintiff,

vs.

DALLAS HAUN,

            Defendant.

2:13–cv–2287–MMD–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

      This matter involves Plaintiff Clifford Leonard's section 1983 action against Dallas Haun, President, Chief Executive Officer, and Chairman of the Board of Nevada State Bank. Before the court is Leonard's application to proceed *in forma pauperis* (#1[1]) and complaint (#1-1). For the reasons discussed below, Leonard's application to proceed *in forma pauperis* is granted, and his complaint should be dismissed with leave to amend.

**BACKGROUND**

      Plaintiff Clifford Leonard is incarcerated in Florence, Colorado. (*See* Compl. (#1-1) at 1). On June 26, 2013, Leonard's mother died. (*Id.* at 3). Before her death, Leonard and his mother maintained a joint bank account with Nevada State Bank. (*Id.*) After his mother's death, Leonard attempted to have the account's remaining funds transferred to his prison account. (*Id.*) However, Nevada State Bank refused. (*Id.*) Consequently, on December 16, 2013, Leonard filed suit in federal court. (*Id.*) Leonard alleges that Dallas Haun, the President, Chief Executive Officer, and Chairman of the Board of Nevada

---

[1] Parenthetical citations refer to the court's docket.

1

State Bank, violated Leonard's constitutional rights by acting "under color of law" and "deliberately" withholding his funds. (*Id*. at 4).

## DISCUSSION

Leonard's filings present two questions: (1) whether Leonard may proceed *in forma pauperis* under 28 U.S.C. § 1915(e); (2) whether Leonard's complaint states a plausible claim under 42 U.S.C. § 1983.

### I.     Leonard may Proceed *in Forma Pauperis*

Leonard's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Leonard submitted a financial affidavit (#1). According to the affidavit, Leonard is unemployed and incarcerated Florence, Colorado. (*Id*.) Leonard is not employed, and occasionally receives a nominal sum of money from his sister. (*Id*.) Leonard's application to proceed *in forma pauperis* is, therefore, granted.

### II.    Whether Leonard's Complaint is Frivolous, Malicious, of Fails to State a Plausible Claim

Because the court grants Leonard's application to proceed *in forma pauperis*, it must review Leonard's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Leonard's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Hughes v. Rowe*, 449 U.S. 5 (1980).

#### A.    *Legal Standards*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED.

R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. A claim is implausible if, *inter alia*, its allegations are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Where, as here, an incarcerated *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B.   *Leonard's Claim is Implausible*

Leonard brings this action under 42 U.S.C. § 1983 to recover funds from Nevada State Bank. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979). In order to state a claim under section 1983, the plaintiff must plead: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1) the defendants

3

acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Here, Leonard has failed to plead that Haus has deprived him of "rights secured by the Constitution or federal statutes." *See Gibson*, 781 F.2d at 1338. Leonard's complaint contains one indicia of a constitutional claim. It asserts that Haus is "deliberately" withholding Leonard's funds. (Compl. (#1-1) at 4).

In the context of prison litigation, it is common for prisoners to assert that state actors have violated the prisoner's constitutional rights because the state actor "deliberately" withheld medical care in violation of the prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) ("[D]eliberate indifference to **serious medical needs** of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and this includes "indifference . . . manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.") (emphasis added). The deliberate indifference standard, however, is inapplicable where a state actor deliberately withholds a prisoner's money.

The court's review of Leonard's complaint indicates that the nature of Leonard's cause of action is a state law claim for breach of contract or fraud, which does not invoke section 1983. *See Gibson*, 781 F.2d at 133 (stating that section 1983 requires the plaintiff to plead a violation of rights protected by the Constitution or created by federal statute). Additionally, state law claims invoke this court's power of jurisdiction in only limited circumstances. *See* 28 USC § 1332. Those circumstances—diverse citizenship and an amount in controversy that exceeds $75,000—do not appear to be present here.

4

Accordingly, the court recommends dismissing Leonard's complaint with leave to amend in order to cure the complaint's deficiencies. *Cato*, 70 F.3d at 1106. As discussed above, Leonard can cure his complaint's deficiencies in one of two ways: (1) identifying a constitutional right or federal statute that Haus allegedly violated **or** (2) pleading a state law claim and alleging that the amount in controversy exceeds $75,000 and that Haus and Leonard are citizens of difference states.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that that Plaintiff's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER RECOMMEND that Plaintiff's complaint is DISMISSED.

IT IS FURTHER RECOMMENED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED this 6th day of January, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE