UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLIFFORD LEONARD,<br><br>   Plaintiff,<br>v.<br><br>DALLAS HAUN,<br><br>   Defendant. | Case No. 2:13-cv-02287-MMD-VCF<br><br>ORDER<br><br>(Report and recommendation – dkt. no. 2) |

Before the Court is the Report and Recommendation of Magistrate Judge Cam Ferenbach ("R&R") entered on January 6, 2014, recommending dismissal of Plaintiff's Complaint without prejudice and giving Plaintiff leave to amend. (Dkt. no. 2.) No objection to the R&R has been filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections

were made). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, the Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Judge Ferenbach's R&R. Plaintiff filed this § 1983 civil rights action seeking transfer of funds that are being held in an account with the Nevada State Bank ("Bank"). (Dkt. no. 1-1.) Under 42 U.S.C. § 1983, a civil action may be brought against any person who, under color of law of any State deprives any person of any rights secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. The Court finds that Judge Ferenbach correctly determined that Plaintiff has not asserted a violation of a right protected by the Constitution or federal law. Furthermore, although the Bank is chartered by the State of Nevada, it is a private, commercial entity and, therefore, Defendant Haun was not acting under color of state law when he denied Plaintiff's request. *See McKissick v. Bank of Am.*, No. 2:14-cv-00002, 2014 WL 1573600, at *2 (D. Nev. Apr. 17, 2014); *Dailey v. Bank of Am.*, 106 F. App'x 533, 533 (2004). Therefore, the Court finds good cause to adopt Judge Ferenbach's R&R in full.

It is hereby ordered that the R&R (dkt. no. 2) is adopted and accepted. The Complaint (dkt. no. 1-1) is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this Order to cure the deficiencies in his Complaint as identified in the R&R. Failure to file an amended complaint within thirty (30) days may result in dismissal of this action with prejudice.

DATED THIS 18th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE